*448 OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of defendant’s motion to dismiss plaintiffs’ claims for failure to state a cause of action upon which relief can be granted. Plaintiffs cross-move for summary judgment on their cause of action for recovery premised upon the bad faith the defendant, State Farm Insurance Company, exercised in handling the underlying claim.
The underlying case was for the wrongful death of plaintiffs’ decedents, Rivera and Echevarria, who were conversing with a person in a parked vehicle just prior to being struck and killed by a vehicle driven and purchased by Elisio Montanez, but registered and insured by Mary Casey. Montanez and Casey lived together as boyfriend and girlfriend and had a disagreement with each other earlier on the evening of the accident, after the two had been out drinking. The disagreement ended with Montanez leaving the premises with the car keys and the car. Apparently, he continued drinking at the Greyhound Bar that evening until intoxicated. Montanez did not have a valid New York State or other driver’s license and was legally blind without his glasses and was becoming increasingly intoxicated just prior to the accident.
State Farm decided to litigate this case on the issue of the consent of the insured to drive the automobile in question. Plaintiffs contend that State Farm’s position that there was an issue of consent was unfounded and litigated in bad faith. Plaintiffs’ trial counsel expressed a willingness at several stages of the litigation to accept the insurance limits of $50,000 per death. That offer was never made by State Farm Insurance.
The jury in the underlying case returned a verdict for the plaintiffs far in excess of the $50,000 minimum policy for each case,* as well as an award of punitive damages against Montanez of $450,000. Defense counsel’s motion to set aside the verdict was denied in all respects by the trial court.
The defendant, State Farm, paid the full amount of the compensatory damages awarded by the jury to the plaintiffs’ estate without reservation due to the policy limits. They *449 refused, however, to pay any of the $450,000 punitive damage award.
Plaintiffs were assigned the rights of the former defendants (Montanez and Casey), on the contract of insurance between Casey and defendant, State Farm Insurance, and commenced the instant action against the defendant, State Farm Insurance, for bad faith in refusing to settle the matter prior to trial within the policy limits and specifically, for the payment of the punitive damage award of the jury in the underlying action.
The plaintiffs’ complaint herein alleges that the defendant, State Farm, failed to avail itself of the opportunity to settle the claims herein for the amount within the policy limits and by doing so, recklessly put its driver at risk of suffering a judgment against him for a greater amount than the policy coverage including amounts not included in coverage, i.e., punitive damages. The plaintiffs further allege that refusal to settle within the policy limits disregarded the interests of the insured and in effect subordinated the interests of the insured to that of the insurer, particularly in light of the overwhelming evidence against Montanez and the virtual certainty of an award in excess of the policy limits as well as an award of punitive damages.
It is for this court to decide whether the plaintiffs’ complaint states a cause of action which is cognizable under the laws of the State of New York, such that a punitive damage award in an underlying case wherein liability and damages in excess of policy limits are a virtual certainty, forms the basis for a bad-faith claim against the insurer who refuses to pay same.
It is well settled that New York law precludes insurance coverage for punitive damages. (Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196 [1990].) New York law also recognizes that each insurance policy carries with it a covenant of good faith pursuant to Insurance Law § 2601 (a) (4) wherein it is deemed an unfair practice for insurers not to attempt "in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear”.
The defendant, State Farm Insurance, contends that the award of punitive damage herein is not in excess of the policy but outside and beyond the scope of the policy limits. The carrier’s obligation to act in good faith and to act in the best *450 interests of an insured, however, is always within the policy executed between an insured and an insurer. (Insurance Law §2601 [a] [4].) The law imposes a duty upon an insurance carrier to fairly consider the insured’s interest as well as making its own decision as to settlement. (DiBlasi v Aetna Life & Cas. Ins. Co., 147 AD2d 93 [2d Dept 1989].) In other words, the carrier can be held to be in bad faith in not resolving a claim within policy limits where it was highly probable that the insured would be subject to personal liability. (See, DiBlasi v Aetna Life & Cas. Ins. Co., supra, at 99.)
However, the liability for punitive damages is not a risk that the insurance company undertook when issuing the subject policy. In fact, the public policy of the State of New York precludes an insurance carrier from writing insurance coverage that would be applicable to cover punitive damages. A breach of a policy’s covenant of good faith, no matter how egregious, does not invoke coverage that simply does not and cannot legally exist.
As a result, there does not exist, in New York, a cause of action for the recovery of punitive damages for an insurance carrier due to the bad-faith failure to settle a personal injury claim within its policy limits. The burden to resolve punitive damage claims is solely on the perpetrator of the alleged reckless or intentional acts, and is simply not a contractual burden which the insurance carrier herein undertook; nor is it a burden the law imposes upon such a carrier.

 The jury awarded $200,000 to the estate of Rivera and $220,000 to the estate of Echevarria as and for compensatory damages for their wrongful death.